```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

HAROLD AUGUSTINE[1]/                           CIVIL ACTION

VERSUS                                          NUMBER: 06-6757
                                                c/w 07-1207 & 08-986

WARDEN LYNN COOPER                              SECTION: "S"(5)


### REPORT AND RECOMMENDATION


Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court are the consolidated 28 U.S.C. §2254 applications for federal habeas corpus relief of petitioner, Harold Augustine, the State's responses thereto, and petitioner's replies to the State's responses. (06-6757, rec. docs. 1, 7, 13; 07-1207, rec. docs. 1, 7, 8; 08-986, rec. doc. 1). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Augustine's petitions be dismissed with

---

[1]/ Throughout this Court's records and the state court records submitted by the respondent, plaintiff is variously referred to as "Harold Augustine, Jr.", "Harold Augustine","Harold Augustin", and "Harold Augustin, Jr."

prejudice.

Petitioner Augustine is a state prisoner who is presently incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana.  In the above-captioned consolidated habeas proceeding, Augustine challenges two separate convictions emanating from the Twenty-Second Judicial Court for the Parish of St. Tammany, State of Louisiana.  On September 4, 1991, pursuant to a plea agreement with the State, Augustine pled guilty to carnal knowledge of a juvenile and was thereupon sentenced to three years at hard labor, with said sentence to be served concurrently to another one he was then serving.[2]/  Augustine did not directly appeal his conviction which thus became final when the five-day period for him to do so, exclusive of holidays and intervening weekends, then prescribed by LSA-C.Cr.P. Art. 914(B)(1) expired and no motion therefor was made.  See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002), cert. denied, 539 U.S. 918, 123 S.Ct. 2277 (2003).  It is that conviction which Augustine challenges in the middle-numbered of the three habeas petitions which he filed here.

---

[2]/ As part of the plea agreement, the State agreed to dismiss a possession of stolen property charge pending against Augustine under a separate docket number and to have his three-year sentence run concurrently with the sentence he was serving on a simple burglary conviction which he was actually on probation for at the time he committed the sexual offense.  See Augustine v. Cooper, 2007 WL 4465692 at *1 n. 1 (La. App. 1st Cir. 2007).

Thereafter, on March 28, 1994, Augustine and his father were found guilty of possession of stolen property and possession of an automobile with an altered Vehicle Identification Number ("VIN") by a jury after only thirty minutes of deliberations. The possession of stolen property conviction is the one that Augustine challenges in 08-986. Following that trial, Augustine was released on bond and sentencing was scheduled for May 2, 1994. Petitioner, however, failed to appear for sentencing and remained at-large until he was reapprehended sometime in March of 1996. On June 9, 1997, Augustine was returned to the trial court and was sentenced to six years as to the possession of stolen property count and two years as to the altered VIN number count, with said sentences to be served concurrently. On July 11, 1997, Augustine was again returned to the trial court pursuant to the State's request that he be resentenced as a third felony offender under LSA-R.S. 15:529.1. Through counsel, Augustine waived a reading of the multiple offender bill of information and admitted to the correctness of the allegations set forth therein, whereupon the six year sentence on the stolen property count was vacated and Augustine was resentenced to ten years as to that count under LSA-R.S. 15:529.1. It is that sentence enhancement proceeding that Augustine challenges separately in 06-6757. Once again, Augustine did not appeal his conviction or enhanced sentence which thus became final on July 19,

1997.  Petitioner was remanded for service of his various sentences.

After serving approximately three months of his sentences, Augustine escaped on October 19, 1997 and remained at-large until he was reapprehended in Pennsylvania on April 17, 2003, ultimately being returned to the custody of the Louisiana Department of Corrections on December 1, 2003.  During the five and one-half year period that he was an escapee, Augustine filed nothing in the state courts to challenge his carnal knowledge or possession of stolen property convictions.  Not until the summer of 2004 did Augustine file any pleadings in the state courts in an attempt to do so.  However, he subsequently filed numerous motions and writ applications at all three levels of the state court system in an attempt to have the two convictions invalidated.  All of those were unavailing except for one writ application that was granted in part by the Louisiana First Circuit, directing the trial court to clarify discrepancies between the transcript and minutes from his 1997 sentencing.  Augustine, 2007 WL 4465692 at *1-3 n.1, 2, 3.  Augustine has also sought judicial review of an adverse ruling he received in administrative remedy proceedings in which he claimed that his most recent sentence had not been imposed at hard labor.  (Id.).

Common to Augustine's three habeas petitions is the fact that

all of them are time-barred under 28 U.S.C. §2244(d). That statute, enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), provides as follows:

>  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> 
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As noted in the procedural history set forth above, Augustine's carnal knowledge conviction became final in September of 1991 and his possession conviction became final in July of 1997. As respects the former, because that conviction became final before the effective date of the AEDPA, Augustine had one year from the enactment of the AEDPA, or until April 24, 1997, to timely seek

federal habeas relief with respect to that adjudication of guilt. <u>Kiser v. Johnson</u>, 163 F.3d 326, 327 (5th Cir. 1999). The §2244(d) limitation period with respect to Augustine's possession conviction commenced running on July 19, 1997 and expired one year later on July 19, 1998. During that time period, Augustine had nothing pending in the state courts challenging either of his convictions so as to qualify for statutory tolling under §2444(d)(2). No facts have been presented here warranting the application of equitable tolling, a doctrine that is available only in rare and exceptional circumstances and which "... applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his legal rights." <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 529 U.S. 1057, 120 S.Ct. 1564 (2000)(internal quotation marks omitted).

   In his reply to the State's response in 07-1207, Augustine argues that the habeas challenge to his carnal knowledge conviction is timely under the "actual innocence doctrine." Petitioner points out that in 2001, ten years after he pled guilty, the Louisiana Legislature amended LSA-R.S. 14:80 and enacted LSA-R.S. 14:80.1 to alter the ages of and the age differential between the perpetrator and the victim such that the offense of which he stands convicted, if committed today, would only be a misdemeanor. This argument is

unavailing.  It is axiomatic that the law in effect at the time of the commission of an offense controls.  See State v. Sugasti, 820 So.2d 518, 520-22 (La. 2002).  The version of the carnal knowledge statute to which Augustine pled guilty had been in existence since at least the 1970's.  Acts 1977, No. 539 §1; Acts 1978, No. 757 §1.  The fact that the Louisiana Legislature, nearly twenty-five years later and ten years after Augustine pled guilty, chose to alter the age and punishment provisions in the carnal knowledge statute does not operate to lessen his culpability.  And although the Court is directed to no authority extending the doctrine to statutory tolling under §2244(d), the term "actual innocence" refers to factual, as opposed to legal, innocence.  Rodriquez v. Johnson, 104 F.3d 694, 697 (5th Cir.), cert. denied, 520 U.S. 1267, 117 S.Ct. 2438 (1997).

The sex offense to which Augustine pled guilty was a felony at the time he committed it.  Louisiana law provides that "[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated."  LSA-R.S. 1:2.  Nothing in the act amending R.S. 14:80 and enacting R.S. 14:80.1 states that the statutory changes are retroactive.  Acts 2001, No. 796 §1.  Nor does the Legislature's action constitute a "factual predicate" so as to entitle Augustine to statutory tolling under §2244(d)(1)(D) because it does not involve evidentiary facts or events that occurred at

the time of his plea.  See <u>Ybanez v. Johnson</u>, 204 F.3d 645, 646-47 (5th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 881, 121 S.Ct. 193 (2000); <u>Cortez v. Dretke</u>, 2003 WL 22862684 at *2 (N.D. Tex. 2003); <u>Kessinger v. Cockrell</u>, 2003 WL 22056005 at *4 (N.D. Tex. 2003).

The plain fact of the matter is that the one-year period within which Augustine was required to timely seek federal habeas corpus relief with respect to either of his convictions expired five-fold during the time that he voluntarily absented himself from the penal system to which he had been lawfully committed. No external impediment prevented Augustine from challenging his convictions during that time period or from exercising due diligence to discover the factual predicate of any potential claims.  Even if that were not the case, review of the merits of his claims is procedurally barred here.  At the time of Augustine's convictions, Article 930.8 of the Louisiana Code of Criminal Procedure provided that no application for post-conviction relief could be considered by the state courts if it was filed more than three years after the judgment of conviction of a defendant had become final.  The Fifth Circuit has previously determined that Article 930.8 constitutes an independent and adequate state rule that is regularly applied by the state courts.  <u>Glover v. Cain</u>, 128 F.3d 900, 902 (5th Cir. 1997), <u>cert</u>. <u>denied</u>, 523 U.S. 1125, 118 S.Ct. 1811 (1998).

Prior to filing the three habeas petitions that are before the Court, Augustine presented his various claims to the Louisiana Supreme Court via a series of writ applications in an attempt to satisfy the statutory requirement that he exhaust available state court remedies.  28 U.S.C. §2254(b)(1)(A).  With no exceptions, all of those writ applications were denied, in whole or in part, as untimely under Article 930.8.  State ex rel. Augustine v. State, 967 So.2d 498 (La. 2007); State ex rel. Augustine v. State, 959 So.2d 490 (La. 2007); State ex rel. Augustine v. State, 937 So.2d 863 (La. 2006); State ex rel. Augustine v. State, 937 So.2d 862 (La. 2006); State ex rel. Augustine v. State, 937 So.2d 859 (La. 2006); State ex rel. Augustine v. State, 925 So.2d 529 (La. 2006); State ex rel. Augustine v. State, 922 So.2d 539 (La. 2006).  Accordingly, federal habeas review of the merits of his claims is barred unless Augustine can establish cause for his procedural default and actual prejudice as a result of the alleged constitutional violations, or if he can demonstrate that the failure to entertain his claims will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

As no external impediment prevented Augustine from petitioning the state courts within three years of the finality of his convictions, he cannot establish cause for his procedural default.

See Matchett v. Dretke, 380 F.3d 844, 848 (5th Cir. 2004), cert. denied, 543 U.S. 1124, 125 S.Ct. 1067 (2005). Without a showing of cause, the Court need not consider the element of prejudice. Murray v. Carrier, 477 U.S. 478, 494-95, 108 S.Ct. 2639, 2649 (1986).  And because Augustine makes no colorable showing of factual, as opposed to legal, innocence, he has not shown that a fundamental miscarriage of justice will occur if his claims are not considered.  Glover, 128 F.3d at 904.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the applications for federal habeas corpus relief of Harold Augustine be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  29th  day of ____February____, 2008.

_____
UNITED STATES MAGISTRATE JUDGE